# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DOUGLAS PASWATERS,

        Plaintiff,

v.

KRONES INC.,

        Defendant.

Case No. 19-CV-993-JPS

**ORDER**

On July 12, 2019, plaintiff Douglas Paswaters ("Paswaters") filed a complaint alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and Wisconsin wage and hour laws, Wis. Stat. §§ 109.01, 104.01, 103.01 *et seq.*; Wis. Admin. Code §§ DWD 272.001 *et seq.*, against defendant Krones Inc. ("Krones"). (Docket #1). Paswaters seeks to bring his FLSA claim on a class basis, which in the parlance of the FLSA is called a collective action. *See* 29 U.S.C. § 216(b). On November 27, 2019, Paswaters filed a motion for conditional certification of his FLSA claim as a collective action. (Docket #14). On December 18, 2019, Krones opposed the motion for class certification, which is now fully briefed. For the reasons stated below, Paswaters's motion for conditional certification will be granted.[1]

---

[1] The Court will not entertain the parties' squabbles over the timeliness of the motion to certify. As the parties are aware, the Court is only concerned with the dates set forth in the trial scheduling order. (Docket #9). Under that scheduling order, parties may engage in discovery up to and including the week before trial. There will be absolutely no extensions or changes to the trial scheduling order, so the parties should conduct themselves in such a way that this case will be both adequately and appropriately prepared for trial in July, 2020.

1. **RELEVANT FACTS**

Krones is a manufacturing company that specializes in machinery for the beverage industry. Krones has a production facility in Franklin, Wisconsin, where 422 of its 657 employees, including Paswaters, work on an hourly basis. The Franklin facility organizes its employees across twelve different organizational units, which work across six distribution channels.

Krones pays its hourly employees a standard rate for a 40-hour workweek. Pursuant to the FLSA, any time an employee works more than 40 hours per week, he or she must be compensated on an overtime basis in the amount of one-and-a-half times their standard hourly rate. Krones also issues discretionary and non-discretionary bonuses on weekly, monthly, quarterly, or annual bases. A non-discretionary bonus is a monetary award for any employees who meet certain productivity metrics, attendance goals, or hiring practices. By contrast, a discretionary bonus is not contingent on an employee's performance—it is not "earned" in the traditional sense.

Under the FLSA, an employee's regular hourly rate must reflect any non-discretionary bonuses that he or she earns over the relevant bonus period. Put another way, when an employer calculates the overtime rate, that overtime rate must include any non-discretionary bonuses. An employer does not, however, need to calculate discretionary bonuses into the overtime rate. Paswaters alleges that over a period of three years, Krones issued non-discretionary bonuses to its hourly employees, but failed to include these bonuses in its calculation of the employees' overtime rates, despite having the information and the tools available to make such a calculation. Paswaters contends that these bonuses were characterized as discretionary, but were, in fact, non-discretionary. This resulted in hourly employees at Krones's Franklin facility being underpaid for their overtime

work. Paswaters contends that this improper overtime policy applied to hourly employees throughout the Franklin facility between July 12, 2016 and July 12, 2019, regardless of their position or their department.

## 2. ANALYSIS

### 2.1 Conditional Certification

Conditional certification of a collective action is distinct from the procedure normally applied to class litigation under Federal Rule of Civil Procedure 23. *Woods v. N.Y. Life Ins. Co.*, 686 F.2d 578, 579–80 (7th Cir. 1982). In an FLSA action, class members must "opt in to be bound, while [Rule 23 class members] must opt out not to be bound." *Id.* Conditional certification enables notification to putative class members so that they may affirmatively opt in to the collective action and class discovery may be taken. 29 U.S.C. § 216(b); *Woods*, 686 F.2d at 579–80. Once this is done, the plaintiff can move for final, full certification of the collective action, at which point the Court will "reevaluate the conditional certification 'to determine whether there is sufficient similarity between the named and opt-in plaintiffs to allow the matter to proceed to trial on a collective basis.'" *Jirak v. Abbott Labs., Inc.*, 566 F. Supp. 2d 845, 848 (N.D. Ill. 2008) (citing and quoting *Heckler v. D.K. Funding, LLC*, 313 F. Supp. 2d 777, 779 (N.D. Ill. 2007)).

For conditional certification, the plaintiff must only make "a minimal showing that others in the potential class are similarly situated," *Mielke v. Laidlaw Transit, Inc.*, 313 F. Supp. 2d 759, 762 (N.D. Ill. 2004), which requires no more than "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan," *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001). It is only after the class has opted in that the Court determines whether the collective

members are, in fact, similarly situated. *Brabazon v. Aurora Health Care, Inc.*, No. 10-cv-714, 2011 WL 1131097, at *2 (E.D. Wis. Mar. 28, 2011). Thus, at this stage, Paswaters must show that Krones "has [an overtime] policy that applied uniformly to all potential plaintiffs and that the policy appears to be inconsistent with FLSA regulations." *Binissia v. ABM Indus.*, No. 13-c-1230, 2014 WL 793111, at *5 (N.D. Ill. Feb. 26, 2014).

At this early stage, Paswaters satisfies this lenient standard.[2] He assert that Krones has a general practice of failing to include non-discretionary bonuses in employees' regular rates of pay when calculating overtime pay. (Docket #1). This allegation is bolstered by Paswaters's affidavit, as well as deposition transcripts from Krones employees who confirm the general nature and purpose of these awards, as well as how overtime is calculated. This evidence suggests that the hourly employees at the Franklin facility between July 2016 and July 2019 where all subject to an unlawful overtime policy, whereby certain bonuses were not factored into the regular rate of pay. The Court will assess whether the parties are, in fact, similarly situated upon Paswaters's motion for final certification. *Jirak*, 566 F. Supp. 2d at 848-49.

---

[2] The Court declines to use Krones's suggested "intermediate" standard of review. (Docket #20 at 3). The Court does not believe it warranted in light of the fairly modest discovery in which the parties have engaged. Although some documents have been exchanged and three depositions have been taken, it does not appear that Krones has been forthcoming with material information about the potential collective sufficient to determine whether Paswaters is, in fact, similarly situated as the rest of the collective. For example, it does not appear that Krones has provided information regarding the discretionary and non-discretionary bonuses that hourly employees were awarded during the relevant time period. While there appears to be some issue of fact as to how some bonuses—such as, for example, the Service Awards—should be categorized, the Court declines to evaluate that issue at this juncture.

Krones's main argument on this point is that the organizational units at the Franklin facility are so distinct, unique, and physically separated that they cannot be considered similarly situated, particularly because their bonuses are characterized differently—i.e., Paswaters's organizational unit categorically does not receive non-discretionary bonuses, whereas other units may only receive non-discretionary bonuses. (Docket #20 at 23–24). As discussed above, mere characterization of a bonus is not dispositive as to whether it should be included in the calculation for overtime pay. *See Herman v. Anderson Floor Co., Inc.*, 11 F. Supp. 2d 1038, 1045 (7th Cir. 1998) (holding that exemptions to the FLSA are to be narrowly construed). Moreover, the inquiry at this stage is whether there is evidence to support the allegations of an unlawful policy that applies to all hourly employees. This is not a situation in which the putative class spans multiple plants across several states and implicates a variety of potential FLSA violations. Rather, Paswaters provided an affidavit and deposition transcripts to demonstrate that Krones issues non-discretionary bonuses across its organizational units—regardless of what the bonuses and the units are called—and these bonuses are not factored into the overtime pay calculation, resulting in an FLSA violation. On a motion for conditional certification, this is a sufficient showing.

As this Court has previously noted, at conditional certification, the inquiry "is 'not on whether there has been an actual violation of law but rather on whether the proposed plaintiffs are similarly situated. . .with respect to their allegations that the law has been violated.'" *Id.* at *3 (quoting *Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 54 (S.D.N.Y. 2005)). For the reasons explained above, the Court finds that the hourly employees at Krones's Franklin facility have made a showing that they are similarly

situated with respect to their allegations regarding the purportedly unlawful overtime policy.

### 2.2 Collective Action Scope and Notice

The Court has discretion to prescribe the form, manner, and timing of notice to ensure that putative collective members receive "accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989). Paswaters proposes the following collective:

> All current and former hourly-paid, non-exempt employees employed by Defendant within the three (3) years prior to this action's filing who have not been compensated for all hours worked in excess of forty (40) hours in a workweek at the proper, correct, and/or lawful overtime rate of pay as a result of Defendant's failure to include all non-discretionary compensation, such as the Annual Bonus, Holiday Bonus, and Service Award, in said employees' regular rates of pay for overtime calculation purposes.

(Docket #14 at 1). Paswaters provided a proposed notice for the putative class members, (Docket #15-1), which includes a 45-day opt-in window. The Court has reviewed the notice and generally finds it to be clear and accurate. Krones takes issue with the fact that the notice uses the Court's name in the heading, and believes it will be overly intrusive to provide the telephone numbers, email addresses, and dates of birth of the proposed class. (Docket #20 at 31). The Court agrees that its name need not be used in the heading, and further notes that the parties should contact the collective by a method that is both unobtrusive and effective. Therefore, the parties

are ordered to submit a stipulated notice within ten (10) days of the date of this order. If such a stipulation cannot be reached, they must each submit a memorandum no longer than ten pages in support of their desired notice.

3. **CONCLUSION**

For the reasons stated above, the Court will grant Paswaters's motion for conditional certification. The Court will not extend any of the other dates in this litigation, which has been pending before the Court since July 2019. The parties must work together to complete discovery in a timely fashion, so that they are prepared for trial in July, 2020. As a final note, the parties' motions to restrict documents (Docket #18, #21) will be granted, as the documents sought to be restricted contain confidential business and personal information. The documents have been filed "restricted" so that they are available to the parties in the case, as well as to the Court.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for conditional certification of the FLSA collective action (Docket #14) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the parties' motions to restrict (Docket #18, #21) be and the same are hereby **GRANTED;** and

**IT IS FURTHER ORDERED** that the parties shall confer on the proper form of the notice as directed in this order, and file a stipulation or briefs on the matter, if necessary, within ten (10) days of the date of this order.

Dated at Milwaukee, Wisconsin, this 27th day of January, 2020.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge